## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LESLIE HILLIARD**                                        **CIVIL ACTION**

**VERSUS**                                                 **NO. 14-747**

**JIM ROGERS, WARDEN,**                                    **SECTION "C"(2)**
**LOUISIANA CORRECTIONAL**
**INSTITUTE FOR WOMEN**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred or, alternatively, dismissed without prejudice for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Lesley Hilliard, is incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2]  Hilliard was charged on January 31, 2011, by bill of information in St. Tammany Parish with two counts of possession of cocaine.[3]

On April 25, 2011, Hilliard entered a guilty plea to both counts per an agreement reached with the State.[4]  As part of that agreement, Hilliard also entered a guilty plea on May 31, 2011 to the multiple offender bill charging her as a second felony offender on count one.[5]  The state trial court sentenced her that same day as a second offender to ten (10) years in prison at hard labor on count one without benefit of probation or suspension of sentence and a concurrent five (5) years in prison at hard labor on count two.[6]

Hilliard's conviction became final thirty (30) days later, on June 30, 2011, because she did not appeal[7] or seek reconsideration of her sentence.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 1/31/11.

[4]St. Rec. Vol. 1 of 2, Guilty Plea Minutes, 4/25/11; Plea Transcript, 4/25/11; Plea of Guilty and Waiver of Constitutional Rights, 4/25/11.

[5]St. Rec. Vol. 1 of 2, Sentencing Minutes, 5/31/11; Sentencing Transcript, 5/31/11.

[6]Id.

[7]In general, under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings before the plea and precludes review of such defects either by appeal or post-conviction relief.  State v. Crosby, 338 So.2d 584, 588 (La. 1976).

2

the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[8]).

On August 3, 2011, Hilliard filed a motion to obtain a recommendation from the state trial court that she participate in a drug rehabilitation program available at the prison.[9]  The court granted the request and made the recommendation by order dated August 11, 2011.[10]

In connection with a motion to reconsider the sentence filed by Hilliard's counsel on February 27, 2012, the court issued an order on March 21, 2012, that her sentences in this proceeding were to run concurrently with the sentence imposed in a separate criminal matter against her in Case No. 438118.[11]  A repetitive motion filed by counsel on March 20, 2012, was denied as moot by the state trial court on March 21, 2012.[12]

---

[8]The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).

[9]St. Rec. Vol. 1 of 2, Motion for Clarification of Sentence, 8/8/11 (dated 8/3/11).

[10]St. Rec. Vol. 1 of 2, Trial Court Order, 8/11/11.

[11]St. Rec. Vol. 1 of 2, Minute Entry, 3/21/12; Sentencing Order, 3/21/12; Motion to Reconsider Sentence, 2/27/12.

[12]St. Rec. Vol. 1 of 2, Motion to Reconsider Sentence, 3/20/12; Trial Court Order, 3/21/12.

Hilliard submitted another motion for clarification of her sentence to the state trial court on September 4, 2012, asking the court to deem her participation in prison sponsored programs to have her placed in a reentry program in lieu of completing her prison term.[13]  The court denied the motion without stated reasons on September 11, 2012.[14]

On November 19, 2012, Hilliard submitted to the trial court an application for post-conviction relief in which she alleged that she received ineffective assistance of counsel because her lawyer led her to believe she would not be sentenced as a multiple offender.[15]  She also argued that the trial court erred in granting the motion to reconsider filed by her counsel, which led her to believe her sentence was being reduced.  The state trial court denied the application on December 11, 2012, finding that the transcripts of the guilty plea and sentencing disproved her claim.[16]

Hilliard sought review of this ruling in the Louisiana First Circuit Court of Appeal, but was denied relief on April 22, 2013, with the appellate court noting that she failed to include the proper documentation for its full review of the trial court's order.[17]  The

---

[13]St. Rec. Vol. 1 of 2, Motion for Clarification of Sentence, 9/7/12 (dated 9/4/12).

[14]St. Rec. Vol. 1 of 2, Trial Court Order, 9/11/12.

[15]St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 11/26/12 (dated 11/19/12).

[16]St. Rec. Vol. 1 of 2, Trial Court Judgment, 12/11/12.

[17]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2013-KW-0216, 4/22/13; Copy of 1st Cir. Writ Application, dated 1/31/13; Notice of Intent, 1/2/13; Trial Court Order, 1/3/13.

Louisiana Supreme Court then denied Hilliard's untimely[18] writ application in that court on December 2, 2013 without stated reasons.[19]

While this appellate review was pending, Hilliard submitted a motion to modify or amend her sentence and a motion to reconsider her sentence to the state trial court on March 28, 2013. Hilliard argued that the court had failed to determine whether she knowingly waived her rights, whether counsel misled her to believe she would receive a lesser sentence and whether her enrollment in prison self-help programs warranted sentence reduction.[20] The state trial court denied the motion without stated reasons on April 3, 2013.[21] Hilliard refiled the motion to reconsider on April 11, 2013, and the court again denied the motion without stated reasons on April 16, 2013.[22] She did not seek review of these rulings.

Hilliard submitted her next motion to correct her sentence to the state trial court on February 10, 2014, arguing that the March 21, 2012 order that her sentence run

---

[18]La. S. Ct. R. X§5 provides that an application must be mailed or filed within 30 days after the appellate court's ruling.

[19]State ex rel. Hilliard v. State, 126 So.3d 1281 (La. 2013); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2013-KH-1420, 12/2/13; La. S. Ct. Writ Application, 13-KH-1420, 6/17/13 (postmarked 6/13/13, dated 6/12/13); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2013-KH-1420, 6/17/13 (showing postmark of 6/13/13).

[20]St. Rec. Vol. 1 of 2, Motion for Modification and/or Amendment of Sentence, 4/1/13 (dated 3/28/13); Motion to Reconsider Sentence, 4/1/13.

[21]St. Rec. Vol. 1 of 2, Trial Court Order, 4/3/13; Trial Court Ruling, 4/3/13.

[22]St. Rec. Vol. 1 of 2, Trial Court Order, 4/16/13; Motion to Reconsider Sentence, 4/15/13 (dated 4/11/13).

concurrently with the sentence in her separate case rendered her sentence illegal.[23]  She alleged that she had already completed the sentence in the separate case. The court denied the motion on April 19, 2014, with supplemental reasons issued on April 25, 2014.[24]  The record does not reflect that she sought review of this order.

## II.   FEDERAL HABEAS PETITION

On May 5, 2014, the clerk of this court filed Hilliard's petition for federal habeas corpus relief in which she asserted the following claims: (1) The state trial court erred in granting the motion to reconsider on March 12, 2012, which led petitioner to believe her sentence would be reduced.  (2) She received ineffective assistance of counsel at the guilty plea when she was led to believe she would not receive a multiple offender sentence.  (3) The state trial court denied her rights to judicial review and access to the courts when it denied her post-conviction application without addressing the merits of her claim of ineffective assistance of counsel on collateral review pursuant to Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012). (4) Counsel was ineffective when he advised petitioner to plead guilty to the multiple offender bill to receive an illegal negotiated sentence and then filed a motion to reconsider in an attempt to correct his error.  (5) Counsel was ineffective when he failed properly to present the plea agreement to petitioner.

---

[23]St. Rec. Vol. Motion for the Correction of Illegal Sentence, 2/18/14 (dated 2/10/14).

[24]St. Rec. Vol. 1 of 2, Trial Corut Order, 2/19/14; Trial Court Order, 2/25/14.

The State filed an answer and memorandum in opposition to Hilliard's petition arguing that the petition was not timely filed, all of the claims are not exhausted and, alternatively, the exhausted claims are without merit.[25]

Hilliard filed a reply to the State's opposition arguing that her federal petition is not untimely because she only recently completed post-conviction review in the state courts.[26]   She argues that she will exhaust her claims through habeas review in this federal court.

III.   GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Hilliard's petition, which, for reasons discussed below, is deemed filed in this federal court on February 27, 2014.[28]

---

[25]Rec. Doc. Nos. 10, 11.

[26]Rec. Doc. No. 12.

[27]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[28]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims asserted by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Hilliard's petition is not timely filed and that not all of the claims have been exhausted in the state courts.  For the following reasons, the record supports both defenses.

IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

_____

F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Hilliard's petition was filed by the clerk of court on May 5, 2014, when the filing fee was paid after denial of her application to proceed in forma pauperis. Hilliard dated the signature on the petition on February 27, 2014. This is the earliest date on which she could have delivered the pleadings to prison officials for mailing. The fact that she later paid the filing fee does not alter the application of the federal mailbox rule to her pro se petition. See Cousin, 310 F.3d at 847.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).  When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted if petitioner did not assert or mention the same grounds in the state court proceedings that are asserted in a federal petition.  <u>See</u> <u>Ogan v. Cockrell</u>, 297 F.3d 349, 358 (5th Cir. 2002) ("Because

Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); <u>Burns v. Estelle</u>, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

To exhaust her claims in state court, Hilliard must fairly present the same claims and legal theories urged in her federal habeas petition to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner, either on direct appeal or on post-conviction review. Hilliard did not take a direct appeal from her conviction and sentence. Therefore, exhaustion depends solely on her state post-conviction proceedings.

The record establishes that Hilliard presents only one claim to this court that meets the exhaustion requirement. Hilliard asserted her second claim, that counsel provided ineffective assistance at the guilty plea proceedings when he led her to believe that she would not be classified as a multiple offender, in her trial court application for post-conviction relief and the subsequent related writ applications through each appellate level of the state courts. This claim is exhausted.

However, three of Hilliard's claims were not raised in the state trial court in her application for post-conviction relief, the only ruling for which she sought further review. Hilliard's claims no. one (the trial court erred in granting the counsel-filed motion to reconsider), no. three (denial of judicial review) and no. four (counsel filed the motion

to reconsider to cover his errors) were raised for the first time in the Louisiana First Circuit and then in the Louisiana Supreme Court, without ever having been presented to the state trial court. Louisiana post-conviction process requires initial presentation of appropriate claims on the appropriate form in the state trial court. La. Code Crim. P. art. 925 et seq. Review of the trial court's ruling may then be sought in the appellate court and the Louisiana Supreme Court by application for a writ of review. La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq. Hilliard skipped the first required step in the Louisiana post-conviction process. Thus, these claims were not properly exhausted.

Finally, it does not appear that Hilliard ever asserted in any of the state courts the fifth claim she makes in the instant federal petition; i.e., that her counsel failed properly to present the plea agreement to her.

For the foregoing reasons, Hilliard has presented this court with a "mixed" habeas petition that includes both exhausted and unexhausted claims. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420). The record discloses no good cause for Hilliard's failure fully to exhaust her claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion. Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). The Supreme Court has

11

also provided, however, that to avoid dismissal of a mixed petition, a petitioner like Hilliard can choose to amend her petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.[29] Pliler, 542 U.S. at 233. This choice would normally be available to Hilliard.

In this case, however, the State has also argued that Hilliard's federal petition was not timely filed. I find that the petition in fact was <u>not</u> timely filed and must be dismissed instead with prejudice for that reason, rendering the need for exhaustion unnecessary.

## V.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring her Section 2254 petition in most cases within one year of the date her conviction became final.[30] Duncan v. Walker, 533 U.S.

---

[29]I also note that Hilliard is not entitled to a stay of these proceedings to permit exhaustion because no showing of good cause to provide that extraordinary relief has been made. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. Rhines, 544 U.S. at 278. The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances" (emphasis added), and is appropriate only when the district court determines that there was "good cause" for the failure to complete exhaustion of a mixed petition. Id., at 277; Pliler, 542 U.S. at 233. Based on this record, no stay is warranted.

[30]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

167, 179-80 (2001).  Hilliard's conviction and sentence became final on June 30, 2011 when she did not appeal or seek timely reconsideration of the sentence.  The later technical clarifications of the sentence did not constitute a new judgment for purposes of applying the AEDPA.  Magwood v. Patterson, 561 U.S. 320, 332-34 (2010).

Therefore, under a literal application of the statute, Hilliard had one year from the finality date, or until June 29, 2012, to file her federal habeas corpus petition, which she did not do.  Her petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his or her rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations in which petitioner was actively misled

_____

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

or is prevented in some extraordinary way from asserting his or her rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

    Hilliard does not assert any reason, and my review of the record reveals none, that might fit the restrictive boundaries of "extraordinary circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 649-52 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent

habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

16

petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those filed by petitioner, also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA statute of limitations period began to run in Hilliard's case on July 1, 2011, the day after her conviction and sentence became final under the AEDPA. The period ran for 33 days, until August 3, 2011, when she filed her motion for a recommendation for a drug treatment program, which – giving Hilliard the benefit of every doubt – I will liberally construe as seeking other collateral review.  The limitations period was tolled until September 12, 2011,[31] when she did not seek review of the trial court's August 11, 2011, ruling within the thirty-days allowed by Louisiana law.  See La. App. Rule 4-3.

The one-year filing period began to run again on September 13, 2011, for another 167 days until February 27, 2012, when Hilliard's counsel filed a motion to have the sentence run concurrently with her sentence in a separate criminal case.  Assuming that this clarification constituted other collateral review, it tolled the period from its filing until April 20, 2012, when Hilliard did not seek review of the trial court's March 21, 2012 ruling.

By this time, there remained 165 days in the one-year limitations period for Hilliard timely to file a federal habeas petition.  The one-year period began to run again on March 22, 2012, and ran for another 164 days, until it was tolled on Tuesday,

---

[31]The thirtieth day fell on Saturday, September 10, 2011, moving the deadline to the next business day.  La. Code Crim. P. art. 13 (weekends not included in a period if it would be the last day).

September 4, 2012,[32] when Hilliard filed a motion for clarification of her sentence.  The one-year period remained tolled until October 11, 2012, when Hilliard did not seek review of the trial court's September 11, 2012 ruling.

The AEDPA one-year filing period expired one day later on October 12, 2012. Hilliard did not have any other state court filings until November 19, 2012, when she filed her application for post-conviction review.  This application, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Broadly construed, Hilliard's reply to the State's opposition may be read to offer other reasons why her petition should be considered timely filed under principles of statutory tolling.  These other arguments are misplaced.

First, Hilliard claims that her petition was timely because it was brought within one year of completing state post-conviction proceedings.  As discussed above, Section 2244(d) is a tolling provision that does not create a new one-year term from the conclusion of state court post-conviction proceedings.  Flanagan, 154 F.3d at 199 n.1; see Duncan, 533 U.S. at 175-178.  The AEDPA one-year period was not renewed by and certainly did not commence after completion of her state post-conviction review.

---

[32]The 165th day fell on Sunday, September 2, 2012.  Monday, September 3, 2012, was the Labor Day holiday. La. Rev. Stat. § 1:55. Pursuant to La. Code Crim. P. art. 13, the end of the period then became the next non-holiday and non-weekend day, September 4, 2012.

Second, Hilliard appears to suggest that the Supreme Court's decision in <u>Martinez</u> requires this court to consider her claims.  In <u>Martinez</u>, the Supreme Court held that a state-imposed "'<u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  <u>Trevino v. Thaler</u>, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 132 S. Ct. at 1320) (emphasis added).  Hilliard's ineffective assistance of trial counsel claims were <u>not</u> procedurally barred by the state courts.  Instead, the state trial court offering the last reasoned decision on post-conviction review rejected Hilliard's claims <u>on the merits</u> finding that they were disproved by the plea and sentencing transcripts.  The limitations bar addressed here is a federal defense available under the AEDPA, not a state procedural default bar.  Hilliard's reliance on <u>Martinez</u> is misplaced and inapplicable as a matter of law.

Hilliard's federal habeas corpus petition is deemed filed in this court on February 27, 2014, which was more than sixteen (16) months after the AEDPA statute of limitations period expired on October 12, 2012.  Her federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.

Alternatively, if the presiding district judge finds grounds to extend the AEDPA limitations period in this case, which I do not discern in this case, Hilliard's petition should be dismissed without prejudice for failure to fully exhaust state court remedies.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Hilliard's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[33]

New Orleans, Louisiana, this _____7th_____ day of November, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[33]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.